FILED
United States Court of Appeals
Tenth Circuit

August 6, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TODD R. GEHRINGER,

Defendant-Appellant.

No. 12-3064
(D.C. Nos. 6:11-CV-01319-MLB and
6:07-CR-10223-MLB-1)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After Todd Gehringer was convicted of several drug (21 U.S.C. §§ 841(a)(1), 844) and gun (18 U.S.C. §§ 922(g)(3), 924(a)(2), and (c)) charges, and after he lost his direct appeal, he brought a federal habeas petition under 28 U.S.C. § 2255. In his petition, Mr. Gehringer asserted twenty-six separate failures by his lawyer. The district court dismissed the petition, however, finding each claim without merit. The court also denied Mr. Gehringer a certificate of appealability (COA). Now before us, Mr. Gehringer renews his request for a COA.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We may grant his request, however, only if Mr. Gehringer first presents a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires him to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted).

Mr. Gehringer has not met this standard. To prevail on any claim that his counsel was constitutionally ineffective, Mr. Gehringer must show two things: (1) counsel's representation "fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

None of the grounds Mr. Gehringer presents to this court (a subset of his original 26 claims and some new ones) meets both prongs of the *Strickland* test. Most of Mr. Gehringer's claims are already addressed in the district court's order, or in the materials on which it relies and incorporates. The remainder fail because Mr. Gehringer did not raise them before the district court in his original § 2255 motion. *See Matthews v. Workman,* 577 F.3d 1175, 1188 n.5 (10th Cir. 2009).

The only claim meriting further discussion is Mr. Gehringer's second enumerated claim in this court, a claim concerning incriminating evidence discovered during the course of the December 3, 2007 search of his storage unit. The district court upheld the search, finding Mr. Gehringer consented to it during an interview with police. Before us, Mr. Gehringer argues his counsel was ineffective for failing to introduce transcripts of the interview in support of his motion to suppress. He faults counsel on this score because, he says, the transcripts would show that he invoked Fifth and Sixth Amendment rights during the interrogation and that his consent was coerced by the officers' false promises. As for his claim that the transcripts would document his invocation of his *Miranda* rights, it is unpreserved for our review because he did not argue this to the district court. And as for his claim that the transcripts would show his consent was involuntary, Mr. Gehringer's counsel filed a motion to suppress on this precise ground and presented extensive evidence (including cross-examining the officers and soliciting testimony from Mr. Gehringer) and argument in support of it. Yet, Mr. Gehringer does not indicate how the transcripts would show anything more or different than the evidence his counsel presented and argued. Mr. Gehringer thus gives us no reason to doubt the district court's conclusion that he cannot meet the *Strickland* standard on this claim, at least because he cannot show that omitting the transcripts was prejudicial. *See Strickland*, 466 U.S. at 694.

The application for a COA is denied and the appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge